# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES COCHRAN,
ADC #122317                                                                                  PLAINTIFF

V.                                    5:12CV00063 BSM/JTR

RODERICK E. JOHNSON, Lieutenant;
and RAYMOND GRIFFITH, Sergeant,
Arkansas Department of Correction                                          DEFENDANTS

## ORDER

Plaintiff, James Cochran, alleges that Defendant Johnson used excessive force against him at the Varner Super Max Unit of the Arkansas Department of Correction. *See* docket entry #2. Specifically, Plaintiff contends that on April 14, 2011, at approximately 11:15 p.m., Defendant Johnson entered Plaintiff's cell, shoved him down on his rack, and punched him several times in the face and back. *Id.* Defendant Johnson, and two other correctional officers, then escorted Plaintiff to the Isolation #4 shower area. *Id.* When they arrived, Defendant Johnson allegedly pushed Plaintiff into the back of the shower wall causing Plaintiff to hit his head and become unconscious. *Id.*

Plaintiff has filed two Motions to Compel, which the Court will address separately.

### I. Plaintiff's First Motion to Compel

On July 19, 2012, Plaintiff filed a Motion to Compel seeking permission to review the security camera footage taken outside of his cell and the Isolation #4 shower area, on April 14, 2011, from 11:00 p.m. to 11:25 p.m. *See* docket entry #33. Defendants have timely filed a sealed copy of that footage and a sealed Brief explaining the specific security concerns that prevent them from allowing Plaintiff to see that footage. *See* docket entries #35 and #41.

The sealed footage shows the hallways *outside* of Plaintiff's cell and the Isolation #4 shower area. *See* docket entry #41. In particular, it shows: (1) who entered Plaintiff's cell and the Isolation #4 shower area; (2) how long they were there; and (3) Plaintiff's physical condition when he entered and exited those areas.[1] However, the footage does *not* show what occurred *inside* Plaintiff's cell or the Isolation #4 shower area. Thus, it has marginal relevance, which is clearly outweighed by the legitimate security concerns created by allowing Plaintiff to see it at this time. Finally, and most importantly, Defendants state that they do not intend to include the footage in any dispositive motions.

Accordingly, Plaintiff's First Motion to Compel is denied, at this time.

---

[1] It does not appear from footage, which is somewhat blurry, that Plaintiff had any noticeable physical injuries.

However, if this case proceeds beyond the filing of any dispositive motions, the Court will appoint counsel to represent Plaintiff. At that point, Defendants will have to provide a copy of the footage to Plaintiff's attorney.

## II. Plaintiff's Second Motion to Compel

On July 23, 2012, Plaintiff sent Interrogatories to separate Defendant Griffith. *See* docket entry #42, Ex. 1. On August 20, 2012, Assistant Attorney General Sullivan sent Plaintiff a letter explaining that Defendant Griffith needed additional time to prepare his Answers because Mr. Sullivan was going to withdraw as his attorney of record.

On August 28, 2012, Mr. Sullivan filed his Motion to Withdraw. *See* docket entry #36. On August 30, 2012, the Court entered an Order holding that Motion in abeyance until Defendant Griffith either: (1) had a new attorney enter an appearance on his behalf; or (2) filed a Statement indicating that he wished to represent himself. *See* docket entry #38.

As of the date of this Order, Defendant Griffith has not taken either course of action. Thus, Mr. Sullivan remains his attorney of record.

Accordingly, Plaintiff's Second Motion to Compel is granted. Mr. Sullivan must, **within fourteen days of the entry of this Order,** provide Plaintiff with Defendant Griffith's answers to the July 23, 2012 Interrogatories.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.	Plaintiff's First Motion to Compel (docket entry #33) is DENIED, AT THIS TIME.

2.	Plaintiff's Second Motion to Compel (docket entry #42) is GRANTED.

Dated this <u>1st</u> day of October, 2012.


							_____
							UNITED STATES MAGISTRATE JUDGE